**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                   **Criminal Action No.:   2:19-CR-29-2**
                                                         **(JUDGE KLEEH)**

**JOHNNA DEE COURTNEY,**

**Defendant.**

**REPORT AND RECOMMENDATION**
**CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court

for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11.

Defendant, Johnna Dee Courtney, in person and by Counsel, Scott Curnutte, appeared before

me on January 29, 2020. The Government appeared by Assistant United States Attorney,

Brandon Flower. The Court determined that Defendant was prepared to enter a plea of "Guilty"

to Count One and Count Three of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under

oath and inquiring into Defendant's competency. The Court determined Defendant was

competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant

under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning her understanding of her right to

have an Article III Judge hear the entry of her guilty plea and his understanding of the difference

between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open

court that he voluntarily waived her right to have an Article III Judge hear her plea and

voluntarily consented to the undersigned Magistrate Judge hearing her plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given.  Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Johnna Dee Courtney only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant.  The Government responded that it was, and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding her understanding of the written plea

agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed.

The undersigned then reviewed with Defendant Count One and Count Three of the Indictment and the elements the Government would have to prove, charging her in Count One with Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii), and Count Three with Possession of Counterfeit Obligations in violation of Title 18, United States Code, Section 472. Subsequently, Defendant Johnna Dee Courtney, pled **GUILTY** to the charges contained in Count One and Count Three of the Indictment. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against her, inquired of Defendant's understanding of the consequences of her pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea. Defense Counsel objected to the Government's use of the term "distribution" in connection with an October 2018 traffic stop and the Government subsequently clarified its position. Defendant stated she heard, understood, and did not disagree with the Government's proffer. Additionally, Defendant provided a factual basis for the commission of the offenses. The undersigned Magistrate Judge concludes the offenses charged in Count One and Count Three of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offenses, and that independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count One and Count Three of the Indictment and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her and that the mandatory minimum for Count One is imprisonment of not less than ten years and the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on Count One was imprisonment of no more than Life, a fine of $10,000,000.00, and a period of supervised release of five years, and upon her conviction or adjudication of guilty on Count Three was imprisonment for not more than twenty years, a fine of $250,000.00, and a period of supervised release of three years. Defendant also understood that the Court would impose a special mandatory assessment of $100.00 per felony for a total of $200.00 for having been convicted of a felony offenses payable within forty days of the entry of her plea. Defendant further understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration, supervision, and probation.

The undersigned also informed Defendant whether she understood that by pleading guilty she was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it.

4

Defendant stated that she understood.

The undersigned also reviewed with Defendant her waiver of appellate and collateral attack rights. Defendant understood that she was waiving her right to appeal her conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under her plea agreement, she was waiving her right to challenge her conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that she was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that she learned about after the plea hearing and agreed that she was unaware of any ineffective assistance of counsel or prosecutorial misconduct in her case at this time. From the foregoing, the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea agreement and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the felony charges contained in Count One and Count Three of the Indictment. The undersigned Magistrate Judge informed

Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Count One and Count Three of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her guilty plea accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated that her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant

stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing.   Defendant further understood there was no parole in the federal system, but that she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Johnna Dee Courtney, with the consent of her counsel, Scott Crunutte proceeded to enter a verbal plea of **GUILTY** to the felony charges in Count One and Count Three of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article Ill Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count One and Count Three of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed for Count One and Count Three; Defendant made a knowing and voluntary plea of guilty to Count One and Count Three of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count One and Count Three of the Indictment herein be accepted conditioned upon

the Court's receipt and review of this Report and Recommendation.

The undersigned magistrate judge remanded Defendant to the custody of the U.S. Marshal Service.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on January 29, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE